Rodolfo S. LIBIRAN, Petitioner,

v.

John ASHCROFT, Attorney General,* Respondent.

No. 02–72969.
Agency No. A72–687–710.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.**

Decided Dec. 18, 2003.

---

* John Ashcroft, Attorney General, is the proper respondent. The clerk shall amend the docket to reflect the above caption.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Timothy M. Greene, Greene & Lloyd, PLLC, Puyallup, WA, for Petitioner.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Terri J. Scadron, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Robbin K. Blaya, U.S. Department of Justice, Office of Immigration Litigation, Washington, DC, for Respondent.

Before GOODWIN, WALLACE, and TROTT, Circuit Judges.

## MEMORANDUM***

Rodolfo S. Libiran, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' summary affirmance of his appeal from an Immigration Judge's denial of his applications for asylum, withholding of removal, and voluntary departure. We have jurisdiction pursuant to 8 U.S.C. § 1105a(a). *See Kalaw v. INS,* 133 F.3d 1147, 1152 (9th Cir.1997). We review for substantial evidence. *See Prasad v. INS,* 47 F.3d 336, 339 (9th Cir.1995). We deny in part and dismiss in part the petition for review.

*** This disposition is not appropriate for publication and may not be cited to or by the

Libiran testified he fears returning to the Philippines after a comrade of his in the New People's Army had been captured and tortured by Philippine authorities and likely had revealed the names of Libiran and his other comrades. In support of his application he submitted a "hit list." The IJ correctly noted that the hit list document pre-dated the capture of his comrade, had his true name, which he never told his comrade, and appeared more like a reward list. The hit list was the only evidence offered to show likelihood of future persecution.

Because the record does not compel the conclusion that Libiran had a well-founded fear of persecution on account of his political opinion, even assuming his testimony was credible, substantial evidence supports the conclusion that Libiran is not eligible for asylum. *Id.* at 338–340.

Because Libiran did not meet the higher standard for asylum, he could not satisfy the standard for withholding of deportation. *See id.* at 340.

We dismiss the petition for lack of jurisdiction to the extent it seeks review of the discretionary denial of voluntary departure. *See Beltran–Tirado v. INS,* 213 F.3d 1179, 1182 (9th Cir.2000).

Libiran's request for attorneys fees is denied.

**PETITION FOR REVIEW DISMISSED IN PART, and DENIED IN PART.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.